```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
G&G CLOSED CIRCUIT EVENTS, LLC,

                Plaintiff,              MEMORANDUM AND ORDER

          - against -                   20 Civ. 5073 (NRB)

DELVIS BATISTA, individually and d/b/a
Bar 180; and HUDSON HEIGHTS BAR & GRILL
CORPORATION, an unknown business entity
d/b/a Bar 180,

                Defendants.
------------------------------------X
```

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

On July 2, 2020, plaintiff G&G Closed Circuit Events, LLC filed a complaint against defendants Delvis Batista and Hudson Heights Bar & Grill. (ECF No. 1.) Plaintiff alleges that defendants violated the Communications Act of 1934, 47 U.S.C. § 605 ("Communications Act" or "the Act") by intercepting and exhibiting a broadcast of the September 16, 2017 pay-per-view boxing match between Gennady Golovkin and Saul Alvarez ("Event") to their patrons in violation of plaintiff's exclusive rights of distribution and publication for the Event. (See generally ECF No. 1.) Plaintiff further alleges that defendants could have purchased a license to broadcast the Event lawfully for $2,500. (Id. ¶ 28.)

Plaintiff served Hudson Heights Bar & Grill and Batista with copies of the summons and complaint on July 20, 2020 and September

- 1 -

8, 2020, respectively.  (See ECF Nos. 8, 10.)  On October 14, 2020, after defendants failed to answer the complaint, the Clerk of Court entered certificates of default as to both defendants.  (ECF Nos. 14, 15.)  On December 16, 2020, plaintiff moved for default judgment pursuant to Fed. R. Civ. P. 55(b)(2), seeking $30,000 in damages under Section 605 of the Communication Act, plus pre- and post-judgment interest at the federal statutory rate.  (ECF No. 17 at 5.)  Plaintiff also requests costs and attorneys' fees in the amount of $2,747.20.  (ECF No. 25 at 4.)

I. **Statutory Framework**

Section 605(a) of the Communications Act prohibits "the interception of cable-borne, as well as over-the-air, pay television where cable-borne transmissions originate as satellite transmissions."  Joe Hand Promotions, Inc. v. Infante, No. 20 Civ. 1650 (NRB), 2020 WL 6063796, at *1 (S.D.N.Y. Oct. 14, 2020) (citation omitted).  For each violation of Section 605(a), the Communications Act permits a court to assess damages "of not less than $1,000 or more than $10,000, as the court considers just."  47 U.S.C. § 605(e)(3)(c)(i)(II).  The Act further allows for penalties up to $100,000 when a defendant commits the violation "willfully and for purposes of direct or indirect commercial advantage or private financial gain."  Id. § 605(e)(3)(c)(ii).  Finally, the Act directs courts to award "recovery of full costs,

including reasonable attorneys' fees to an aggrieved party who prevails."  47 U.S.C. § 605(e)(3)(B)(iii).

**II. Statutory Damages**

Where, as here, defendants have defaulted, the Court accepts as true all of plaintiff's factual allegations, except those related to damages.  Infante, 2020 WL 6063796, at *2.

Plaintiff alleges that the Event originated via satellite and that defendants, without a license authorizing them to do so, intercepted and exhibited the Event.  (ECF No. 1 ¶¶ 13-14, 24, 26.)  This conduct violates Section 605(a) of the Communications Act, and therefore plaintiff is entitled to a default judgment on that claim.  Kingvision Pay-Per-View Ltd. v. Hansen, No. 02 Civ. 6587, 2004 WL 744230, at *2 (S.D.N.Y. Apr. 5, 2004) (Section 605(a) of the Communications Act prohibits the theft of "satellite communications such as the fight").

Moreover, plaintiff has alleged sufficient facts to establish that defendants acted willfully when violating the Communications Act.  A violation is willful when "the defendant has exhibited disregard for the governing statute and an indifference for its requirements."  Joe Hand Promotions, Inc. v. Levin, No. 18 Civ. 9389, 2018 WL 3050852, at *4 (S.D.N.Y. July 12, 2019) (internal quotation marks omitted).  Here, the complaint alleges that plaintiff's broadcast was "electronically coded, or 'scrambled,'" and thus defendants had to "decode[ the broadcast] with electronic

decoding equipment" to receive and telecast the Event clearly on the three television screens at defendants' bar. (ECF No. 1 ¶¶ 24, 26.) As with similar violations of the Communications Act, this conduct demonstrates "willfulness, since signals do not descramble spontaneously, nor do television sets connect themselves to cable distribution systems." Infante, 2020 WL 6063796, at *2 (citation omitted).

For this violation, plaintiff requests judgment in the amount of $7,500 in statutory damages under Section 605(e)(3)(c)(i)(II), and an additional $22,500 in enhanced damages under Section 605(e)(3)(c)(ii) because the violation was willful. (ECF No. 17 at 5.) In considering damages under Section 605, courts may look to a variety of factors, including the market value of the rights infringed and the revenue lost by plaintiff—i.e., the unpaid licensing fee—as well as the deterrent effect that damages might have on the infringer and third parties. See Kingvision Pay-Per-View Ltd. v. Olivares, No. 02 Civ. 6588, 2004 WL 744226, at *3 (S.D.N.Y. Apr. 5, 2004) (citation omitted).

Here, notwithstanding defendants' willful conduct, the $30,000 award requested by plaintiff is excessive in light of the injury suffered. According to plaintiff, defendants could have purchased broadcast rights for the Event for $2,500. (ECF No. 1 ¶ 28.) In line with recent precedent, a more appropriate award against these defendants, who are not alleged to be recidivist

offenders, would be damages equal to the licensing fee plus three times that amount in enhanced damages.  This amount serves the purposes of compensating plaintiff's lost licensing fees, approximating the fair market value of the plaintiff's rights infringed by defendants, and deterring future violations of the Communications Act.  See, e.g., Infante, 2020 WL 6063796, at *3 (listing cases).  Accordingly, the Court concludes that an award of $10,000 to cover the statutory and enhanced damages is sufficient.

Plaintiff also requests pre- and post-judgment interest on that award at the applicable federal statutory rate.  While no statute explicitly authorizes awarding pre-judgment interest for violating Section 605 of the Communications Act, courts may exercise their discretion to impose pre-judgment interest when it is "fair, equitable and necessary to compensate the wronged party fully."  Wickham Contracting Co. v. Local Union No. 3, Int'l Bhd. of Elec. Workers, AFL-CIO, 955 F.2d 831, 835 (2d Cir. 1992).  In exercising their discretion, however, courts have typically refrained from imposing pre-judgment interest when the award goes beyond compensating a plaintiff and features a punitive element, such as the enhanced damages awarded here.  See J&J Sports Prods., Inc. v. Fantasy Bar & Rest. Corp., No. 17 Civ. 5355, 2018 WL 5018065, at *9 (S.D.N.Y. Sept. 20, 2018), report and recommendation adopted sub nom. J & J Sports Prods., Inc. v. Fantasy Bar & Rest.

Corp., No. 17 Civ. 5355, 2018 WL 5016606 (S.D.N.Y. Oct. 15, 2018) (listing cases). Given the punitive nature of the default judgment awarded here, the Court declines to exercise its discretion to award pre-judgment interest.

With respect to post-judgment interest, as with all monetary judgments recovered in civil cases, plaintiff is entitled to collect interest on the judgment at the federal statutory rate prescribed in 28 U.S.C. § 1961(a) from the date judgment is entered.

**III. Costs and Attorney's Fees**

In addition to damages, Plaintiff requests an award of $1,137.20 in costs and expenses, which represents $495.00 for investigative services used to discover the Communications Act violation, $242.20 in process server fees, and $400.00 in filing fees. (ECF Nos. 1, 26 at Exs. 2, 3.)

While Section 605(e) of the Communications Act permits recovery of "full costs," the Supreme Court has clarified that this type of statutory language does not expand recovery beyond the costs "specified in the general costs statute, [28 U.S.C.] §§ 1821 and 1920." Rimini St., Inc. v. Oracle USA, Inc., 139 S. Ct. 873, 881 (2019). The general costs statutes, in turn, permit recovery of certain types of witness costs, clerk and marshal fees, transcript fees, printing fees, copying and exemplification fees, docket fees, and court-appointed expert and interpreter fees. 28

U.S.C. §§ 1821, 1920. As costs for investigative services are not among the taxable costs under Sections 1821 and 1920, they are not recoverable here.

While costs for private process servers are also not enumerated in the general costs statute, the Second Circuit has recognized that parties may recover private process server costs "only to the extent that they do not exceed the costs" that the United States Marshals Service would have incurred to effect service. U.S. v. Merritt Meridian Constr. Corp., 95 F.3d 153, 172 (2d Cir. 1996). The current rate for United States Marshals Service to effect service is $65.00 per hour. See 28 C.F.R. § 0.114. Here, while the process server invoices do not specify the number of hours spent attempting to serve defendants (see ECF No. 26 at Ex. 3), they show that the process server served Hudson Heights Bar & Grill through the New York Secretary of State and charged for two attempts to serve Batista (see id.). Without more detail, it is the Court's estimate that this would not have reasonably taken longer than two hours, and therefore plaintiff is entitled to recover $130.00 in process server costs.

Finally, plaintiffs are entitled to fully recover the $400.00 in filing fees, as those costs are taxable under Section 1921(1).

With respect to attorneys' fees, Plaintiff requests reimbursement of $1,610.00. The requested fee reflects (a) 2.6 hours of attorney time billed at $350 per hour for a lawyer to

review the claims, and prepare the complaint, proof of service of process papers, certificate of default papers, and the instant motions for default judgment and costs and fees, and (b) 7.0 hours of paralegal time billed at $100 per hour for time spent reviewing the case files and assisting with preparing the filings in this case.  (ECF No. 26 at Ex. 1.)  The Court finds that these fees are reasonable and therefore plaintiff may recover the full amount of its attorneys' fees under Section 605(e)(3)(B)(iii).

### IV. Conclusion

For the foregoing reasons, the Court grants plaintiff's motion for default judgment and awards plaintiff damages in the sum of $10,000.00, plus post-judgment interest to be calculated from the date of entry of the judgment by the Clerk of Court at the rate set forth in 28 U.S.C. § 1961.  The Court also awards costs and fees in the amount of $2,140.00.

The Clerk of Court is respectfully directed to enter final judgment in favor of plaintiff and to terminate the motions pending at ECF Nos. 16 and 24.

**SO ORDERED.**

DATED:    New York, New York
          January 28, 2021

_____
NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE